Opinion issued July 3, 2008










     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01029-CR




ANTONIO MARTINEZ AVILES, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1007783




MEMORANDUM OPINION

          A jury convicted appellant, Antonio Martinez Aviles, of the aggravated sexual
assault of 19-month-old A.B. The jury assessed punishment at 40 years in prison and
a $10,000 fine. In four issues, appellant contends that he was denied effective
assistance of counsel at trial and that the trial court erred when it admitted certain
hearsay statements. 
          We affirm.
Background
          In the early morning hours of June 5, 2004, Areli went to the hospital
complaining of abdominal pain. While she was gone, Areli left her two
daughters—19-month-old A.B. and A.B.’s 4-month-old sister—in the care of her
common-law husband, appellant. Appellant is the biological father of A.B.’s younger
sister, but he is not A.B.’s biological father. 
          Areli returned to the family’s apartment later that morning. Appellant refused
to open the door for Areli for four minutes. Areli then saw A.B. in bed with appellant
and noticed that she was crying. 
          When she changed A.B.’s diaper, Areli noticed that it contained blood and
diarrhea. She also notice blood around A.B.’s rectum. Upon examination, Areli
noticed abrasions around A.B.’s vagina and rectum. 
          Areli ran to a neighbor’s apartment with A.B. in her arms. Areli was crying
and screaming, “Help me.” Areli told her neighbors that appellant had “raped the
baby.” One of the neighbors saw that A.B. had blood on the front of her legs. The
neighbor went to Areli’s apartment and saw blood on the pillows, bed, carpet, and
walls. The neighbors assisted Areli in calling the police and paramedics. The
paramedics took Areli, A.B., and A.B.’s sister to Texas Children’s Hospital. 
          Once at the hospital, a nurse performed a rape kit examination on A.B, which
included collection of vaginal swabs. A physician placed A.B. under general
anaesthesia to examine her. An external exam revealed “numerous lacerations in
[A.B.’s] anus” and bruising to A.B.’s vaginal area. An internal exam revealed
abrasions and a bruise to the lining of A.B.’s intestine. The physician concluded that
the observed injuries were consistent with penetration of A.B.’s anus by a blunt
object, including a penis. 
          A warrant was issued for appellant’s arrest in November 2004 relating to
A.B.’s sexual assault. Appellant was ultimately arrested in April 2006 after the police
received a tip regarding his location. Following his arrest, buccal swabs were taken
from appellant. A comparison of the buccal swabs and the vaginal swab from A.B.
revealed the presence of sperm cells and appellant’s DNA in A.B.’s vaginal swab. 
          Following a jury trial, appellant was convicted of aggravated sexual assault,
sentenced to 40 years in prison and assessed a $10,000 fine. This appeal followed.
Ineffective Assistance of Counsel
          In his first three issues, appellant contends that he was denied effective
assistance of counsel in the trial court.
A.      Legal Principles Governing Ineffective Assistance of Counsel
          To prove ineffective assistance of counsel, appellant must show (1) that
counsel’s performance fell below an objective standard of reasonableness and (2) that
the deficient performance prejudiced the appellant. See Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). Under the first prong, appellant must
overcome the strong presumption that counsel’s performance falls within a wide
range of reasonable professional assistance. See Andrews, 159 S.W.3d at 101. 
          Under the second prong, appellant must show that there is a reasonable
probability that, but for counsel’s errors, the result of the proceeding would have been
different. See id. at 102. A “reasonable probability” is a probability sufficient to
undermine confidence in the outcome. See id. Appellant has the burden to establish
both prongs by a preponderance of the evidence. See Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998). 
          B.      Analysis
          Appellant contends that he was denied effective assistance of counsel for the
following reasons:
          •        Trial counsel “allowed” the State to introduce A.B.’s medical records
from Texas Children’s Hospital that contained a reference to an
extraneous offense. Specifically, under the heading “social history,” the
medical record states, on page 42, “According to [the] mother [Areli],
[appellant] has beaten and threatened her as well.” Appellant contends
that trial counsel should have made Rule of Evidence 404(b), relevancy,
and hearsay objections to this portion of the medical records. 
 
          •        A neighbor testified that she had heard that appellant had been using
drugs “that day.” Defense counsel objected to the neighbor’s testimony
on hearsay and relevancy grounds. The trial court sustained the
objections. Appellant complains on appeal that trial counsel should
have also made a Rule 404(b) extraneous offense objection and
requested that the jury be instructed to disregard the neighbor’s
testimony regarding appellant’s drug usage.
 
          •        Trial counsel did not object to certain notations in the business records
of the Houston Fire Department (HFD), which contain the records of the
responding paramedics who transported A.B. by ambulance to the
hospital. Specifically, appellant complains that trial counsel did not
object to a notation in the HFD records that Areli had been assaulted “by
a known male assailant” and another notation that Areli reported that,
when she came home on the date of the incident, appellant was in bed
with two children. Appellant contends that, in addition to the hearsay
objection that he lodged, trial counsel should have made Rule 404(b)
and relevancy objections to the notations.
          With respect to the second Strickland prong, appellant contends that a
reasonable probability exists that the outcome of the trial would have been different
absent his trial counsel’s deficient performance. Appellant asserts that the cited
evidence to which his trial counsel did not object “was so powerful that it was
impossible to overcome its damaging consequences.” Appellant points out that such
evidence was significant because Areli did not testify at trial. He further contends
that the complained-of evidence “conspired to accomplished [sic] the crucial work of
highly prejudicial evidence.” 
          Given the record, we disagree.
          At trial, the State introduced evidence showing that, at the time of the assault,
A.B. was 19-months old and weighed 19 pounds. The State also offered evidence
showing that Areli had left A.B. in appellant’s care for approximately six hours while
Areli was at the hospital. Areli came home to find A.B. in bed with appellant. A.B.’s
medical records indicate that, when she changed A.B.’s diaper, Areli saw blood
around A.B.’s rectum and abrasions to her rectum and vaginal area. Areli’s neighbor
also testified that she saw dried blood on A.B. and saw blood in Areli’s apartment on
the bed, pillows, carpet, and wall. The State introduced into evidence the blood-stained pillowcases and diaper.
          The physician who examined A.B. at Texas Children’s Hospital also testified. 
She described the lacerations to A.B.’s anus and the vaginal bruising. The physician
also described the internal examination of A.B. that revealed abrasions and bruising
to A.B.’s intestine. The physician stated that A.B.’s intestine had not been perforated
but had been stretched a great deal. The physician expressed concern that the
stretching of A.B.’s intestine might leave her incontinent of bowel. According to the
physician, A.B.’s injuries were caused by penetration of the anus. The physician
agreed that A.B.’s injuries were consistent with penetration by a blunt object, which
could include a man’s penis. 
          Through the physician, the State also introduced a photograph of A.B.’s rectum
and vaginal area taken by the physician during the examination. The photograph
clearly shows the lacerations to A.B.’s anus. 
          The State also presented DNA evidence through the testimony of a forensic
DNA analyst, who testified regarding the comparison of A.B.’s vaginal swab with
appellant’s buccal swab. According to the analyst, testing of the samples from A.B.’s
vaginal swab indicated the presence of sperm cells and the presence of appellant’s
DNA. The analyst explained “that the probability that someone other than [appellant]
contributed [the DNA] was 1 in 5600.” 
          We also note that the State did not emphasize in its closing argument the
evidence appellant cites to support his ineffective assistance of counsel claim. 
Instead, the State relied on the evidence probative of the elements of the offense and
on the brutal and shocking nature of the offense. 
          In addition, the complained-of evidence neither supported nor refuted
appellant’s defense at trial. Appellant’s defense hinged on his contention that he was
not the man who resided in the apartment with Areli at the time of the assault. 
Appellant offered evidence to support this contention, including a tenant photograph
from the apartment complex’s file that he contends shows another man as the tenant
who lived in the apartment with Areli. 
          The State presented evidence establishing that appellant was the man living
with Areli. The evidence included the testimony of appellant’s uncle, who had rented
the apartment for appellant and Areli. The State also offered a photograph of
appellant’s tattoos, including one that read “Areli.” 
          We conclude that appellant has not demonstrated a reasonable probability that
the outcome of trial would have been different but for the alleged errors by his trial
counsel. See Andrews, 159 S.W.3d at 102; Marlow v. State, 886 S.W.2d 314, 318–19
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). The evidence overwhelmingly
supports the jury’s finding that appellant sexually assaulted A.B. More precisely, the
evidence sufficiently shows that appellant sexually assaulted a 19-month-old by
penetrating her anus. Given the particularly heinous and brutal nature of this offense,
it is improbable that the jury placed significance on the evidence cited by appellant
to support his ineffective assistance of counsel claim. Because a failure to make a
showing under either Strickland prong defeats an ineffective assistance of counsel
claim, we need not address the first Strickland prong: whether trial counsel’s
performance fell below an objective standard of reasonableness. See Rylander v.
State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); Boyd v. State, 811 S.W.2d
105, 109 (Tex. Crim. App. 1991). 
          We overrule appellant’s first, second, and third issues. 
Hearsay Evidence
          In his fourth issue, appellant contends that the trial court erred by admitting
portions of the HFD records containing notations that Areli had been assaulted “by
a known male assailant” and another notation that Areli reported that, when she came
home on the date of the incident, appellant was in bed with two children. As
mentioned, appellant’s trial counsel objected to these portions of the HFD records on
hearsay grounds. On appeal, appellant also asserts that these statements were
inadmissible hearsay. 
          Assuming without deciding that the complained-of testimony is inadmissible
hearsay, we determine whether the error harmed appellant. See Tex. R. App. P.
44.2(b). We will not reverse a trial court’s judgment based on the erroneous
admission of evidence unless the error affects a substantial right. Id.; Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). A substantial right is affected
when the error has a substantial and injurious effect or influence in determining the
jury’s verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Stated conversely, a substantial right is not affected by the erroneous admission of
evidence “if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but a slight effect.” Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). 
          As detailed in the preceding discussion, the record contains ample evidence to
support the jury’s verdict without reference to the alleged hearsay statements. And
we note that the State did not rely on the alleged hearsay statements in its opening or
closing arguments. Given the strength of the evidence, the arguments relied on by the
State, and the nature of the offense, we are unpersuaded that the alleged hearsay
statements had a substantial and injurious effect on or influenced the jury’s verdict. 
That is, after examining the record as a whole, we have a fair assurance that the
alleged error did not influence the jury, or had but a slight effect. See Motilla, 78
S.W.3d at 355. Accordingly, we hold that the any error in admitting the complained-of statements was harmless. See Tex. R. App. P. 44.2(b). 
          We overrule appellant’s fourth issue.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).